**FINANCIAL HOUSE, INC., a Michigan corporation, and David Lodge, Plaintiffs,**

**v.**

**Julius OTTEN, Defendant.**

**Civ. A. No. 4-70427.**

United States District Court, E. D. Michigan, S. D.

Dec. 26, 1973.

Frederick K. Hoops of Evans & Luptak, Detroit, Mich., for plaintiffs.

Charles R. McDonald of Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

The plaintiffs filed this action in October, 1973. The plaintiffs filed an amended. complaint. The defendant has not yet filed an answer to the complaint, but has filed a Motion to Dismiss. The court has had the benefit of extensive briefing and reply briefing, and carefully listened to oral argument.

The plaintiff Financial House describes itself, in its amended complaint, as a "broker-dealer", registered under Section 15 of the Securities Exchange Act, 15 U.S.C. § 78$o$(a). Mr. Lodge is an employee of Financial House.

Mr. Otten is one of the defendant's customers for whom the plaintiffs have bought and sold various securities.

The defendant appears to have become dissatisfied with the plaintiffs' performance and consulted an attorney. The attorney contacted the plaintiffs and suggested discussing the matter in an effort to reach a mutually satisfactory solution. Some seven weeks later the plaintiffs filed this lawsuit.

The core of the plaintiffs' multi-count complaint is that the defendant perpetrated a fraud upon the plaintiffs, in that the defendant ordered stocks purchased for his account intending to pay for the stocks only if they increased in value.

When considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, and the allegations of the complaint must be taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). It is not presently clear that the plaintiffs have failed to allege a claim upon which relief might be granted, A. T. Brod & Co. v. Perlow, 375 F.2d 393 (2d Cir. 1967), and it would presently be improvident to grant the Motion to Dismiss. A motion for summary judgment might or might not be appropriate at some subsequent time in the proceedings.

The more difficult issue is whether or not to stay further proceedings in this case and refer it for arbitration. The defendant strongly urges that proceedings be stayed, and that the matter be referred for arbitration if the case is not dismissed. Defendant suggests that the

plaintiff has agreed to arbitrate by virtue of Section 2(a)(2) of the Code of Arbitration which was adopted by the National Association of Securities Dealers (hereafter "NASD") on November 1, 1968. It is undisputed that Financial House is a member of the NASD and accepts the obligations of the Code. The plaintiffs just as strongly oppose arbitration, having won, what defendant describes, as the race to the courthouse.

The plaintiffs contend that the Supreme Court decision of Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), supports their position. There are, however, substantial differences between the factual setting in *Wilko* and the factual setting in the present case.

Wilko v. Swan arose under the Securities Act of 1933. The present case arises under the Securities Exchange Act of 1934. In *Wilko* it was the broker who was seeking to force a reluctant customer to arbitrate. In the present case it is not the broker who seeks arbitration. Indeed, the broker opposes arbitration; instead, here, the customer seeks arbitration.

Financial House argues that the Securities Exchange Act of 1934 contains provisions which are parallel to the provisions of the Securities Act of 1933 construed in Wilko v. Swan. Specifically, Financial House calls attention to Section 29(a) of the Act, 15 U.S.C. § 78cc(a), which reads:

"Any condition, stipulation, or provision binding any person to waive compliance with any provision of this chapter or of any rule or regulation, or of any rule of an exchange required thereby shall be void."

Succinctly stated, Financial House claims a legal cause of action under the 1934 Act, and that Section 29(a) preserves that cause of action, any agreement to arbitrate notwithstanding.

Brokers' and dealers' associations are authorized by 15 U.S.C. § 78o–3 et seq. The NASD is established pursuant to the provisions of 15 U.S.C. § 78o–3 et seq. 15 U.S.C. § 78o–3(b) provides in part:

"An applicant association shall not be registered as a national securities association unless it appears to the Commission that—

(8) the rules of the association are designed to prevent fraudulent and manipulative acts and practices, to promote just and equitable principles of trade, to provide safeguards against unreasonable profits or unreasonable rates of commissions or other charges, and, in general, to protect investors and the public interest, and to remove impediments to and perfect the mechanism of a free and open market; and are not designed to permit unfair discrimination between customer or issuers, or brokers or dealers, to fix minimum profits, to impose any schedule of prices, or to impose any schedule or fix minimum rates of commissions, allowances, discounts, or other charges."

■ 15 U.S.C. § 78o–3(n) provides that 15 U.S.C. § 78o–3 et seq. prevails over any law of the United States which conflicts with 15 U.S.C. § 78o–3, if it was enacted prior to June 25, 1938. 15 U.S.C. § 78cc(a) was enacted on June 6, 1934, hence is the subordinate of the two acts in the event of conflict. It is this court's judgment that the two acts are in conflict.

In order for a dealers' and brokers' association, e. g. the NASD, to exist it must have rules to protect the investor-customer. Such rules are obviously for the benefit of the investor-customer, even though the argument to abide by the rules is between the broker-member and the association.

■ The rules of the NASD provide for arbitration between a member and a customer if the customer so demands. NASD Code of Arbitration, Section 2(a)(2). The NASD rules are sanctioned by 15 U.S.C. § 78o–3 et seq. which takes priority over 15 U.S.C. § 78cc(a). Hence defendant Otten has a

right to invoke the arbitration machinery.

The Congress has recognized that not all lawsuits brought in a federal court must necessarily be adjudicated immediately if a form of arbitration is available. 9 U.S.C. § 3. Since the controversy involved in this suit does come within the terms of 9 U.S.C. § 3 in that there is an agreement for arbitration (between Financial House and the NASD for the benefit of, in this case, Otten), and Otten does seek arbitration, it is appropriate that these proceedings be stayed pending the outcome of such arbitration.

The statute also mandates that he who seeks arbitration not be in default in proceeding with such arbitration. This court deems that Mr. Otten will be in such default unless arbitration proceedings are formally commenced by 5:00 p. m. February 1, 1974.

Proceedings in this lawsuit are stayed pending compliance with this memorandum.

So ordered.